NO. 07-07-0213-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 8, 2007

_____

IN THE INTEREST OF T.U., K.U., and K.U.

_____

FROM THE 72nd DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-530,783; HON. KEVIN HART, PRESIDING

_____

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jennifer Upton appeals from a final order terminating her parental rights to her three minor children, T.U., K.U., and K.U. In doing so, she challenges the legal and factual sufficiency of the evidence supporting the statutory grounds for termination; she does not contest the decision that termination was in the best interests of the children, however. We affirm the order of the trial court.

*Standard of Review*

The applicable standards of review are found in *In re J.F.C.,* 96 S.W.3d 256, 266-67 (Tex. 2002) and *In re C.H.,* 89 S.W.3d 17, 25 (Tex. 2002). We refer the parties to them.

*Application of Standards*

The court found by clear and convincing evidence that Upton 1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children, 2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children, and 3) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children. Sufficient evidence supporting the existence of any one of those three statutory grounds obligates us to affirm the judgment. *See In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003) (so recognizing).

Of record is evidence of Upton's living with physically violent men. One killed a child of hers. Another physically abused her. Expert testimony revealed that exposure to such behavior can have "serious" impact upon her children. Other evidence disclosed 1) that another child was sexually abused by another youth's father while in Upton's care, 2) that a child had died from medical conditions while in her care, 3) that two of her children previously had been removed from her care, 4) that Upton had habitually ingested controlled substances (as did one or more of the men with whom she and her children lived), 5) that she drove while intoxicated and succumbed to an accident with at least one child in the car, 6) that she had been incarcerated over 20 times for such crimes as possession of controlled substances, public intoxication, DWI, credit card abuse, and theft with a credit card, 7) that repeated criminal conduct can have an adverse affect upon the well-being of children, 8) that she could not provide a

2

stable home, 9) that she knew of her deficiencies and could not correct, but only repeat, them, 10) that she had left her young children alone in a motel room while working (though she purportedly asked another motel guest to watch them), 11) that she had left her children unsupervised in a bath tub while knowing that one enjoyed playing with the faucet, 12) that one of her children was severely burned when left unsupervised in the bathtub, 13) that she would not have taken her burned child to obtain medical treatment had she known that the State was to become involved in the incident, 14) that she was not capable of making decisions necessary to successfully raise children, 15) that she had already relinquished her rights to three of her children, 16) that she routinely left her children in the care of her physically violent 17 year old, drug abusing boyfriend (Upton was over thirty), 17) that Upton and her children were evicted from an apartment after engaging in a domestic disturbance with her 17 year old boyfriend, 18) that she would change addresses without notifying CPS, 19) that she failed to complete a drug and alcohol assessment as required, 20) that she would focus on only one of the children while leaving the others unsupervised during visitations by CPS workers, 21) that her children had emotional/behavioral problems, and 22) that she failed to attend the final hearing to decide termination although she had been notified of its date. Finally, the evidence indicates that the children in question were four, two, and two years old.

As previously mentioned, one of the grounds found to justify termination involved Upton's engaging in conduct or knowingly placing the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children. *See* TEX. FAM. CODE ANN. §161.001(1)(E) (Vernon Supp. 2006). To satisfy it, the State need not have proved that the children at issue here were the focus of the

3

conduct or that they were actually harmed by it.  *In re C.J.F.* 134 S.W.3d 343, 351 (Tex. App.–Amarillo 2003, pet. denied).  Rather, proof that Upton pursued a course of conduct having the effect of endangering her children sufficed.  *See id.*  And, the evidence we itemized above does just that.  In other words, it provided the trial court ample basis upon which to form a firm conviction and belief that Upton engaged in conduct or knowingly placed the children with persons who engaged in conduct endangering the physical or emotional well-being of T.U., K.U. and K.U.  *See In re S.P.,* 168 S.W.3d 197, 204-05 (Tex. App.–Dallas 2005, no pet.) (finding the evidence legally sufficient when there were incidents of domestic violence, the mother lacked parenting skills and judgment and failed to take her medication, and there was evidence one or two children not the subject of the termination had been sexually molested by the father but the mother did not believe the children were endangered).  And, while it may be that other evidence showed that she of late maintained employment, attended visitations with her children, and actively participated in therapy and counseling when she attended, that evidence did not require the trial court to ignore the history of endangerment to which the children had been exposed.

In sum, legally and factually sufficient evidence supported at least one statutory ground upon which termination was based.  Accordingly, the order of termination is affirmed.


Brian Quinn
Chief Justice


4